UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SAMUEL SIGOLOFF,**

　Plaintiff,

v.                                            No. 4:22-cv-00923-P

**LLOYD J AUSTIN, III, ET AL.,**

　Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss, or, in the alternative, Motion to Transfer Case out of District. ECF No. 20. Having considered the parties' briefing, applicable law, and docket, the Court **GRANTS** Defendants' Motion to Transfer and **ORDERS** that this case is hereby transferred to the Eastern District of Virginia. The Court further **DENIES** the Motion to Dismiss without prejudice. ECF No. 20.

## BACKGROUND

This suit arises out of Plaintiff's employment with the Army. *See* ECF No. 1. Plaintiff—a physician licensed in Texas—was stationed at Fort Huachuca, Arizona and Fort Wainwright, Alaska. *Id.* at 3. During his employment, the Department Health Agency ("DHA") investigated Plaintiff and found that he allegedly misled patients about the nature of COVID-19 vaccines, provided vaccine exemptions without proper documentation, and provided dangerous advice to patients. ECF No. 21 at 3–4. As a result, Plaintiff sued Defendants, alleging violations of his rights under the Military Whistleblower Protection Act, Fifth Amendment Right to Due Process, and Administrative Procedure Act. ECF No. 1 at 11–20.

Shortly after Plaintiff sued, Defendants moved to dismiss for improper venue, or, in the alternative, to transfer venue. ECF No. 20. They contend that the case should have been brought in the District of Columbia because Defendants—Secretary Austin, Secretary Wormuth,

and the Department of Defense—have mailing addresses there. ECF No. 21 at 17–18. In the alternative, they assert that the Eastern District of Virginia is also appropriate because the same Defendants' official place of business is the Pentagon, which is in that district. *Id.* at 18. The only other Defendant, Major General Hale, resides in Arizona. *Id.*

Because neither Plaintiff nor Defendant presently reside in Texas, none of the events in the suit took place in Texas, and there is no real property involved in this action, the Court ordered Plaintiff to address whether venue in this district is appropriate. ECF No. 22 at 1. Plaintiff subsequently filed a response addressing the issue with less than a page of briefing on the issue of venue. ECF No. 24 at 9–10. Thus, the Court must determine whether venue is proper in this district. And if it is not, whether the case should be dismissed or transferred to a district that has proper venue.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows dismissal for improper venue. FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue, the plaintiff has the burden to prove that venue is proper. *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003).

## ANALYSIS

### A. 28 U.S.C. § 1391(e)(1) Improper Venue

In civil actions where the defendants are officers or employees of the United States, venue is proper in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred or, (3) the plaintiff resides if no real property is involved in the action. § 1391(e)(1).

As to the first prong, Plaintiff does not contend that any Defendants reside in this district, nor do the facts suggest otherwise. *See* ECF Nos. 1, 20. Thus, venue is not appropriate under this prong.

As to the second prong, no part of the events giving rise to the claim occurred in this district. ECF No. 1, 20. Where the claim arose is ascertained by events that have operative significance in the case. *Fla.*

2

*Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 145, 147 (1981). Here, Plaintiff states that he is licensed to practice medicine in Texas. ECF No. 1 at 3. But this fact has no operative significance because Plaintiff does not assert that he practiced medicine in this district. *Id*. Nor does he allege facts about his Texas licensure that connect to this district. *Id*. Because no other facts show that the events giving rise to Plaintiff's claims occurred in Texas, venue is also not appropriate under this prong.[1]

As to the third prong, it is undisputed that no real property is involved in this action. ECF No. 21 at 18. Thus, the question becomes whether Plaintiff resides in this district. For venue purposes, an individual resides in the judicial district in which that person is domiciled. § 1391(c). Domicile requires "the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations omitted). An individual can only have one domicile at a time but can change his domicile by taking up residence in another state with the intent to remain there. *Id*.

In his response, Plaintiff contends that venue is proper "because he is domiciled in the state of Texas, [and] intends to return to his residence upon resignation." ECF No. 23 at 10. This is insufficient to establish domicile because Plaintiff does not allege with any degree of specificity that he has ever had a physical presence in Texas. In fact, this non-specific and vague assertion is the first time Plaintiff asserts any tie to Texas besides his medical license. In Plaintiff's live pleading, the section detailing his background does not state that he ever resided or spent time in Texas. ECF No. 1 at 1–5. The complaint further states that "[v]enue is proper in this district court pursuant to 28 U.S.C. § 1391(e) because Defendants are officers and employees of the United States and agencies of the United States, Plaintiff is licensed in Texas and no real property is involved in this action." ECF No. 1 at 3. But even if Plaintiff

---

[1] Plaintiff contends actions by the Texas Medical Board gave rise to the claim, but the Texas Medical Board is not a party to this suit. ECF No. 1 at 9–10. He also does not allege that the actions took place in this district. *Id*. He further alleges actions by a Peer Review Panel gave rise to the claim, but they are not a party to the suit either. *Id*. Even if they were, they are located in Fort Bliss, Texas, which is not in this district.

did properly establish a former physical presence in Texas, a significant portion of Texas falls outside of this Court's district. And because Plaintiff provides no prior history of residence, no physical presence and nothing to specifically tie him to this district, he has not met his burden of proof to show that venue is proper under the third prong.

Consequently, venue is not proper under § 1391(e)(1).

## B. 28 U.S.C. § 1404(a) Transfer

Because venue is not proper in this district, the Court must next determine whether the case should be dismissed or transferred to a district with proper venue. *See* § 1404(a). The party moving to transfer venue bears the burden of showing good cause as to why the case should be transferred. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2007).

Here, Defendants contend that venue is appropriate in the District of Columbia because three Defendants'—Secretary Austin, Secretary Wormuth, and the Department of Defense—mailing addresses are located in that district. Alternatively, they contend that the Eastern District of Virginia is appropriate under § 1391(e) because three Defendants' official residence is at the Pentagon, which is in that district.

The word "resides," as used in § 1391(e), means the official residence of a federal defendant. *Lamont v. Haig*, 590 F.2d 1124, 1127–29 (D.C. Cir. 1978). The official residence is where the official duties are performed and not the personal residence of an individual defendant. *Id.* Because three of four Defendants' official residence is in the Eastern District of Virginia, the Court finds that venue is appropriate in that district. *Harrison v. Austin*, 597 F. Supp. 3d 883, 884 (E.D. Va. 2022) (hearing a case in which the Department of Defense, Secretary of Defense, and Secretary of the Army were named defendants).[2]

---

[2] As Plaintiff requests, transfer to the District of Columbia would also be appropriate. *See Bartman v. Cheney*, 827 F. Supp. 1, 2–3 (D.D.C. 1993) (finding that, although the Secretary of Defense performed much of his work at the Pentagon, located in Virginia, he also performed a significant amount of his official duties in the District of Columbia, such that D.C. was a proper venue). Here, the Court chooses the Eastern District of Virginia in the interest of efficiency.

4

To determine whether a case should be transferred, courts consider the convenience of the parties and witnesses by analyzing several private and public interest factors, none of which are given dispositive weight. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The private interest factors are: (1) the accessibility of sources of proof, (2) the ability of the court to secure the attendance of witnesses, (3) the cost of attendance for witnesses, and (4) all other factors that make a trial expeditious and inexpensive. *Id*.

Venue in the Eastern District of Virginia is appropriate under the four private interest factors. *First*, the Eastern District of Virginia will have better access to sources of proof due to their familiarity dealing with cases in which Defendants are named. *Second*, that court will have the best access to witnesses because of the proximity of Defendants. *Third*, the cost of travel for the witnesses will also be lower due to proximity. *Fourth*, the trial will be more expeditious because witnesses and parties may be privy to the local rules and procedures in that district.

The public interest factors are: (1) the court's congestion and ability to hear the case, (2) the forum's interest in having localized interests decided at home, (3) the familiarity of the forum with the applicable law, and (4) the avoidance of conflict of laws in the application of foreign law. *Id*.

A transfer is also appropriate considering the four public interest factors. *First*, the Court has a very busy docket, with little capacity to hear cases better suited in another venue. *Second*, the Eastern District of Virginia will have a significant interest in adjudicating cases involving Defendants since its offices are in their jurisdiction. *Third*, the Eastern District of Virginia will have the most familiarity with applicable law because they have a high volume of cases involving the Department of Defense. *Fourth*, the application of foreign law is not a consideration here.

In sum, both the private and public interest factors favor transfer to the Eastern District of Virginia.

## CONCLUSION

The Court thus **GRANTS** the Motion to Transfer and **ORDERS** that this case be transferred to the Eastern District of Virginia. The Court further **DENIES** the Motion to Dismiss without prejudice of refiling with the new venue. ECF No. 20.

**SO ORDERED** on this **21st day of February 2023.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE